Joseph A. Cox, S.
In this accounting proceeding the United States Government seeks leave to vacate its default in filing *348 objections to the account of the administratrix. Items 1 and 2 of the proposed objections relate to the account as filed and, with respect to such items, the motion is granted. In other proposed objections it is alleged that the decedent transferred certain real property to his brother Morris Panzer in 1950 at a time when the decedent was indebted to the United States Government for income taxes. It is alleged that this transfer was made in fraud of creditors and should be set aside.
In Matter of Williams (179 Misc. 805) a creditor of the decedent interposed a like objection in an accounting proceeding and this court said (p. 810): “ The court is of the view that an objection thus formulated suffices to vest the court with jurisdiction to inquire into the transfer and to avoid it if necessary where the transferee is the accounting fiduciary. On this record there is no doubt of the court’s power since the transferee has appeared formally in her individual character and has filed an answer disputing the claim against her as an individual by reason of such transfer and seeking confirmation of it.” Vormbaum v. Murrow (118 N. Y. S. 2d 341) involved a similar situation and, in transferring an action pending before it, the Supreme Court recognized jurisdiction to be in the Surrogate’s Court. The fact that in the cited cases the transferee of property was also the estate representative did not affect the conclusions reached and this is demonstrated in Vormbaum v. Murrow where the court explicitly referred to the fact that any claim existing by reason of the transfer of property was against the transferee as an individual and not as a fiduciary. Matter of Buckley (129 N. Y. S. 2d 737) involved an alleged fraudulent transfer where the transferee was not the estate representative and in that case jurisdiction of the subject matter was held to exist in the Surrogate’s Courts. (See, also, Warren’s Heaton, Surrogates’ Courts, Yol. I, ch. 5, § 36, par. 5, subpar. [s].)
The cited authorities, while recognizing jurisdiction of the subject matter to be in this court, refer to the further essential requirement that the court also have jurisdiction of the parties. The latter essential condition is not met in the present case. Morris Panzer, as a creditor and distributee of the estate, executed a waiver of citation at the time this proceeding was instituted. This waiver states that he “ does hereby appear in person and waive the issue and service of citation in the above entitled matter. ’ ’ On August 15,1960 when he signed the waiver of citation he could not have been aware that any affirmative relief of the nature sought by the Government’s proposed objections would be asked by later application. The court rules that it does not have jurisdiction of the necessary parties at this *349 timo with respect to the alleged fraudulent transfer. For that reason leave to file objections 3, 4, 5 and 6 is denied without prejudice to the renewal of the application upon petition and issuance of supplemental citation to the necessary parties (Vormbaum v. Murrow, supra, p. 343). Submit order on notice.